IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13-16-CCL-JTJ-1 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| CHANCI LINN MORRISON, | |
| Defendant. | |

## I. Synopsis

The United States accused Ms. Morrison of violating her conditions of supervised release by (1) using methamphetamine and (2) committing another crime while on supervised release. Ms. Morrison admitted to the allegations. Her supervised release should be revoked. She should be sentenced to seven months of custody, with fifty-three months of supervised release to follow.

## II. Status

Ms. Morrison pleaded guilty to Conspiracy to Distribute Controlled Substance in July 2009. United States District Judge for the District of Wyoming Alan Johnson sentenced her to 120 months in custody followed by sixty months of supervised release. She began her current term of supervised release on January 18, 2013.

Jurisdiction over this case was transferred to the District of Montana in September 2013. (Doc. 1) The United States Probation Office submitted a Petition/Order Setting Conditions of Release with Consent of Offender in September 2014 modifying the terms of Ms. Morrison's supervised release to include increased drug and alcohol testing and drug or mental health treatment because she consumed alcohol. (Doc. 5) Ms. Morrison completed a twelve week outpatient chemical dependency program following the modification. (Doc. 6)

**Petition**

The United States Probation Office filed a petition asking the Court to revoke Ms. Morrison's supervised release on November 30, 2016. (*Id.*) The Probation Office accused her of violating her conditions of supervised release by (1) using methamphetamine and (2) committing another crime while on supervised release. (*Id.*) United States District Judge Charles Lovell issued a warrant for her arrest on the same day. (Doc. 7)

**Initial appearance**

Ms. Morrison appeared before the undersigned for her initial appearance on December 14, 2016, in Great Falls, Montana. Federal Defender Anthony Gallagher accompanied her. Assistant United States Attorney Ryan Weldon represented the United States.

Ms. Morrison said she had read the petition and understood the allegations.

She waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Ms. Morrison admitted that she violated the conditions of her supervised release. The violations are serious and warrant revocation of her supervised release.

Ms. Morrison's violation grade is Grade B, her criminal history category is III, and her underlying offense is a Class A felony. She could be incarcerated for up to sixty months. She could be ordered to remain on supervised release for sixty months, less any custody time imposed. The United States Sentencing Guidelines call for eight to fourteen months in custody.

Mr. Gallagher recommended a sentence below or at the low end of the guideline range, with supervised release to follow. Mr. Weldon agreed a high end sentence was not necessary but expressed concern that when Ms. Morrison was arrested, she had baggies and a scale in her possession. Ms. Morrison addressed the Court and stated that she had been involved in an abusive relationship and that her life was spiraling out of control when she was arrested.

### III. Analysis

Ms. Morrison's supervised release should be revoked because she admitted

violating its conditions. She should be sentenced to seven months in custody, with fifty-three months of supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

## IV. Conclusion

Ms. Morrison was advised that the above sentence would be recommended to Judge Morris. The Court reminded her of her right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider her objection, if it is filed within the allotted time, before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Chanci Linn Morrison violated her conditions of supervised release by (1) using methamphetamine and (2) committing another crime while on supervised release.

The Court **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Ms. Morrison's supervised release and committing her to the custody of the United States Bureau of Prisons for seven months, with fifty-three months of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 20th day of December 2016.

John Johnston
United States Magistrate Judge