IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13-16 H-CCL-JTJ-1 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| CHANCI LINN MORRISON, | |
| Defendant. | |

## I. Synopsis

The United States accused Ms. Morrison of violating her conditions of supervised release by 1) failing to maintain employment without providing notice to her probation officer, 2) failing to truthfully answer questions asked by her probation officer, 3) interacting with someone known to be engaged in criminal activity, 4) failing to report for substance abuse testing from September, 2017, to November, 2017, 5) failing to report for substance abuse treatment, 6) failing to report for substance abuse testing on January 4, 2018, 7) failing to follow the instructions of her probation officer, 8) failing to truthfully answer questions asked by her probation officer, 9) failing to report for substance abuse testing on January 10, 2018, 10) possessing a controlled substance, 11) using a controlled substance, 12) failing to truthfully answer questions asked by her probation officer, and 13)

failing to participate in substance abuse testing on January 12, 2018. Ms. Morrison admitted to the allegations. Her supervised release should be revoked. She should be sentenced to six months of custody, with forty-seven months of supervised release to follow. As added conditions of her release, Ms. Morrison shall complete the Passages Alcohol and Drug Treatment Program, and shall not possess, ingest, or inhale any toxic substances, including but not limited to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice.

## II.  Status

Ms. Morrison pleaded guilty to Conspiracy to Distribute Controlled Substance in July 2009. United States District Judge for the District of Wyoming Alan Johnson sentenced her to 120 months in custody followed by sixty months of supervised release. She began her current term of supervised release on January 18, 2013.

Jurisdiction over this case was transferred to the District of Montana in September 2013. (Doc. 1). The United States Probation Office submitted a Petition/Order Setting Conditions of Release with Consent of Offender in September 2014 modifying the terms of Ms. Morrison's supervised release to include increased drug and alcohol testing and drug or mental health treatment because she consumed alcohol. (Doc. 5). Ms. Morrison completed a twelve week outpatient chemical dependency program following the modification. (Doc. 6).

On November 30, 2016, the United States Probation Office filed a petition asking the Court to revoke Ms. Morrison's supervised release for her use of methamphetamine and committing another crime. (*Id.*) Ms. Morrison's supervised release was revoked, and she was sentenced to seven months custody with fifty-three months of supervised release to follow. (Doc. 18). Ms. Morrison began her current term of supervised release on

**Petition**

On December 28, 2017, the United States Probation Office filed a petition asking the Court to revoke Ms. Morrison's supervised release. The petition alleged that on August 3, 2017, Ms. Morrison resigned from her employment without giving prior notice to her probation officer. The petition also alleged that Ms. Morrison was untruthful to her probation officer in lying about her contact with someone she knew was engaged in criminal activity. Ms. Morrison discovered she was pregnant following an intimate relationship with a convicted federal felon, and falsely denied further association with the felon to her probation officer. The petition further alleged that Ms. Morrison failed to report for substance abuse testing on September 26, 2017, October 23, 2017, and November 24, 2017. Finally, the petition alleged that on November 15, 2017, Ms. Morrison failed to report for her scheduled substance abuse treatment. (Doc. 21). Based on the petition, United States District Court Judge Charles Lovell issued a warrant for her

arrest. (Doc. 22). Ms. Morrison was arrested on January 12, 2018.

**Amended petition**

On January 17, 2018, the United States Probation Office filed an amended petition addressing further alleged violations. The amended petition alleged that on January 4, 2018, Ms. Morrison failed to report for substance abuse testing. Also, it alleged that on January 10, 2018, Ms. Morrison called her probation officer asking to be excused from a scheduled drug test in Butte, Montana, stating she was in Great Falls, Montana, because her uncle was in the hospital for organ failure. The officer instructed her to report to the Great Falls probation office for testing, but Ms. Morrison indicated that she was driving to Butte to provide a drug test, and refused to return to Great Falls when instructed to. On January 12, Ms. Morrison allegedly told her probation officer that she did not report for testing because she had used methamphetamine the previous day. The petition also alleged that on January 12, 2018, Ms. Morrison reported for drug testing and tested negative. She was subsequently arrested on the warrant previously issued, and after searching her person, the officer found a device typically used to substitute urine to adulterate drug test results. Ms. Morrison denied having the device for that purpose, but a second urinalysis test was positive for methamphetamine. Ms. Morrison then admitted to ingesting methamphetamine on January 9, 2018.

**Initial appearance**

Ms. Morrison appeared before the undersigned for her initial appearance on January 17, 2018, in Great Falls, Montana.  Federal Defender Evangelo Arvanetes accompanied her.  Assistant United States Attorney Jeff Starnes represented the United States.

Ms. Morrison said she had read the petition and understood the allegations.  She waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.   Mr. Arvanetes requested time to prepare for a revocation hearing, to which the United States did not object.  The hearing was continued.

**Revocation hearing**

On April 9, 2018, the Court resumed the revocation hearing.  Federal Defender David Ness represented Ms. Morrison, and Mr. Starnes represented the United States.  Ms. Morrison admitted that she violated the conditions of her supervised release.  The violations are serious and warrant revocation of her supervised release.

Ms. Morrison's violation grade is Grade C, her criminal history category is III, and her underlying offense is a Class A felony.  She could be incarcerated for up to sixty months.  She could be ordered to remain on supervised release for fifty-three months, less any custody time imposed.  The United States Sentencing Guidelines call for five to eleven months in custody.

Mr. Ness recommended a sentence of time-served, arguing that Ms. Morrison had perspective of her problems and that she would benefit from treatment and continued supervised release. Ms. Morrison addressed the Court and stated that she had a long history of drug use and that she is now adamant about succeeding. Ms. Morrison requested inpatient treatment. Mr. Starnes argued for a guideline sentence, noting his concern of Ms. Morrison's deceptive behaviors to her probation officer. Mr. Starnes did not object to inpatient treatment.

The Court moved to add the following conditions to Ms. Morrison's conditions of supervised release:

> The defendant shall participate in and successfully complete the Passages Alcohol and Drug Treatment Program, an inpatient substance abuse treatment facility located in Billings, Montana, until released from the program by the probation officer. The defendant is to pay part or all of the cost of this treatment, as directed by the United States Probation Office.
>
> The defendant shall not possess, ingest or inhale any toxic substances such as, but not limited to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice, that are not manufactured for human consumption, for the purpose of altering the defendant's mental or physical state.

The parties did not object to the conditions.

### III. Analysis

Ms. Morrison's supervised release should be revoked because she admitted violating its conditions. She should be sentenced to six months in custody, with

forty-seven months of supervised release to follow. Upon release from custody, Ms. Morrison shall participate in and complete a substance abuse treatment program at Passages in Billings, Montana. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV. Conclusion

Ms. Morrison was advised that the above sentence would be recommended to Judge Morris. The Court reminded her of her right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider her objection, if it is filed within the allotted time, before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Chanci Linn Morrison violated her conditions of supervised release by 1) failing to maintain employment without providing notice to her probation officer, 2) failing to truthfully answer questions asked by her probation officer, 3) interacting with someone known to be engaged in criminal activity, 4) failing to report for substance abuse testing from September, 2017, to November, 2017, 5) failing to report for substance abuse treatment, 6) failing to report for substance abuse testing on January 4, 2018, 7) failing to follow the instructions of her probation officer, 8) failing to truthfully answer questions asked by her probation officer, 9) failing to report for substance abuse testing on January 10, 2018, 10) possessing a controlled substance, 11) using a controlled substance, 12) failing to truthfully answer questions asked by her probation officer, and 13) failing to participate in substance abuse testing on January 12, 2018.

The Court **RECOMMENDS:**

The district court should enter the attached Judgment, revoking Ms. Morrison's supervised release and committing her to the custody of the United States Bureau of Prisons for six months, with forty-seven months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 10th day of April, 2018.

John Johnston
United States Magistrate Judge