IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

FILED
APR 2 7 2018
Clerk, U.S. District Court
District Of Montana
Helena

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHANCI LINN MORRISON,<br><br>Defendant. | CR 13-16-H-CCL<br><br>ORDER |

On January 16, 2018, this Court referred a Petition for Revocation (ECF No. 21), later amended (ECF No. 25) for hearing, findings of fact, and recommendation to Magistrate Judge Johnston by order (ECF No. 24).[1] The

---

[1] *See* 18 U.S. C. §3401(i).

revocation hearing was held on April 9, 2018. Pending now before the Court is the Report of Findings & Recommendations ("F&R") filed by Magistrate Judge Johnston on April 10, 2018 (ECF No. 37). The Magistrate Judge notified the parties of their opportunity to object to the F&R or to request a hearing and allocution within a 14-day period. (ECF No. 37 at 7-8.)

## I. Background

The following factual findings are taken from the F&R:

"The Court FINDS:
Chanci Linn Morrison violated her conditions of supervised release by 1) failing to maintain employment without providing notice to her probation officer, 2) failing to truthfully answer questions asked by her probation officer, 3) interacting with someone known to be engaged in criminal activity, 4) failing to report for substance abuse testing from September, 2017, to November, 2017, 5) failing to report for substance abuse treatment, 6) failing to report for substance abuse testing on January 4, 2018, 7) failing to follow the instructions of her probation officer, 8) failing to truthfully answer questions asked by her probation officer, 9) failing to report for substance abuse testing on January 10, 2018, 10) possessing a controlled substance, 11) using a controlled substance, 12) failing to truthfully answer questions asked by her probation officer, and 13) failing to participate in substance abuse testing on January 12, 2018."

(ECF No. 37 at 7.)

Judge Johnston recommends that this Court revoke Defendant's supervised release and sentence her to a term of imprisonment of six months, with a forty-seven month term of supervised release to follow. (ECF No. 37 at 8.)

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1) this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." The district judge must review the magistrate judge's findings and recommendations de novo if objection is made. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). If an objection is made, the court reviews de novo only the portion to which the objection was made, the remainder is reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). No objection having been made, this Court reviews the F&R accordingly.

## III. Discussion

This is Defendant's second revocation proceeding. Despite having completed a 12-week outpatient chemical dependency program in 2014, Defendant is using methamphetamine and resorting to diluting her urine tests in order to avoid detection.

The Magistrate Judge notified the Defendant that her violation grade is C, that her criminal history category is III, that her Chapter 7 Policy Guideline Range is 5-11 months, and that she could be incarcerated for up to 60 months because her underlying offense is a Class A felony. Neither counsel objected to these findings, and this Court agrees that the guideline range and supervised release findings made by the Magistrate Judge are correct.

Defense counsel David Ness has requested a sentence of time-served, and AUSA Starnes argued for a guideline sentence. Defendant asserts that she is determined to stop using drugs, and she requests inpatient treatment.

The Magistrate Judge recommends that a condition requiring Defendant to successfully complete the Passages Alcohol and Drug Treatment Program on an

4

inpatient basis should be imposed as a condition of supervised release. The Magistrate Judge also recommends that a prohibition on use of synthetic marijuana, kratom and/or synthetic stimulants also be imposed as a condition of supervision.

## IV. Revocation Determination and Sentence

The Court therefore finds by a preponderance of the evidence that Defendant Morrison violated her supervised release on thirteen occasions. *See* 18 U.S.C. § 3583(e)(3). Defendant's supervised release should be, and hereby is, revoked, and Defendant Morrison should be resentenced.

Having considered the recommended sentence, the requests of counsel for the Defendant and the government, and the section 3553(a) statutory sentencing factors as made applicable by 18 U.S.C. § 3583(e), and all the record in this case, the Court finds that the appropriate sentence should be as recommended by Magistrate Judge Johnston: six months in custody, followed by a term of forty-seven months on supervised release. The Court adopts Magistrate Judge

Johnston's Findings & Recommendations in full and shall enter Judgment accordingly.

The Clerk shall send a copy of this order to Magistrate Judge Johnston and the United States Probation Office.

Done and dated this 27th day of April, 2018.

/s/ Charles C. Lovell
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE